IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DION LEE MCBRIDE, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 13-054 |
| | ) | Civil Action No. 13-0496 |
| v. | ) | |
| | ) | |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

CONTI, District Judge.

The above-captioned related cases were referred to a United States Magistrate Judge in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules of Court for Magistrate Judges. On April 22, 2013, the magistrate judge filed a Report and Recommendation (ECF No. 18 at 13-cv-054, and ECF No. 4 at 13-cv-0496), recommending that habeas corpus relief and a certificate of appealability be denied. Petitioner Dion Lee McBride ("Petitioner" or "McBride") was served with the Report and Recommendation at his listed address and was advised that he had until May 9, 2013 to file any written objections to the Report and Recommendation.

On May 2, 2013, Petitioner filed his objections, and the magistrate judge ordered the Respondent Commonwealth of Pennsylvania ("Commonwealth") to respond. After careful review of the objections, the Commonwealth's response (ECF No. 24), the Petitioner's reply thereto (ECF No. 25), and after *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, this court agrees with the magistrate judge that Petitioner did not exhaust his state court remedies and that this court must abstain from

1

interfering in the pending criminal proceedings in the Court of Common Pleas of Allegheny County.

Petitioner is currently incarcerated in the Allegheny County Jail awaiting trial on numerous state charges[1] which were held for court following a preliminary hearing, and awaiting a final due process hearing on a detainer lodged against him by the Commonwealth of Pennsylvania Board of Probation and Parole for alleged violation of terms of probation from a previous brush with the law. His petition at Civil Action No. 13-054 is primarily directed at the detainer and his claim that his probation was revoked and his liberty infringed because he was denied a preliminary due process hearing, even though he was held for trial on the pending charges following a preliminary hearing. His petition at Civil Action No. 13-0496 alleges primarily that he is being held in violation of his right to a speedy trial on the numerous pending charges. The petitions and criminal proceedings are intertwined.

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy[.]" *Moore v. DeYoung*, 515 F.2d 437, 448 (3d Cir. 1975) (citing 28 U.S.C. § 2254 and *Peyton v. Rowe*, 391 U.S. 54 (1967)). A state prisoner's petition for a writ of habeas corpus is properly brought under 28 U.S.C. § 2254 when he is in custody pursuant to the judgment of a state court. *See Coady v. Vaughn*, 251 F.3d 480, 484–86 (3d Cir. 2001). When an individual is in state custody for reasons other than a judgment of a state court, such as in pretrial detention, a petition

---

[1] Petitioner is currently charged with the following offenses under the Pennsylvania Crimes Code: Count 1, Theft by Deception – False Impression; Count 2, Access Device Fraud; Count 3, Identify Theft; Count 4, Criminal Use of Communication Facility; Count 5, Unlawful Use of Computer – Access to Disrupt Function; Count 6, Computer Trespass – Remove Data; Count 7, Criminal Attempt – Theft by Deception – False Impression; Count 8, Dealing in Proceeds of Unlawful Activities; Count 9, Conspiracy – Identity Theft; Count 10, Aiding Consummation of Crime; Count 11, Person Not to Possess a Firearm; and Count 12, Willfully Attempt to Evade or Defeat Tax.

for a writ of habeas corpus is properly brought pursuant to 28 U.S.C. § 2241. *Moore*, 515 F.2d at 441–43.

Section 2254, the mechanism for prisoners to seek habeas relief from convictions in state court, provides that an "application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Rule 4 of the Rules Governing Section 2254 Cases gives federal courts the authority as well as the obligation to screen habeas petitions from state court prisoners: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4 also applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases. *See, e.g., Assaan v. Dow*, Civil No. 11-5552, 2011 WL 4594841, at *2 (D.N.J. Sept. 30, 2011); *Patton v. Fenton*, 491 F.Supp. 156, 158–59 (M.D.Pa. 1979) (Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").

Thus, habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts. *See, e.g., Mutope v. Pennsylvania Bd. of Prob. and Parole*, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D.Pa. Mar. 19, 2007). Pursuant to Rule 4 preliminary review, a petition may be dismissed without requiring an answer "'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself.'" *Gorko v. Holt*, No. Civ. 4CV05956, 2005 WL 1138479, at *1 (M.D.Pa.

May 13, 2005) (quoting *Allen v. Perini*, 424 F.2d 134,141 (6th Cir. 1970)). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989). Rule 4, accordingly, requires the court to examine a petition prior to ordering an answer and, if it appears "that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254; Rule 4.

Although "federal habeas corpus is substantially a post-conviction remedy," this court retains very limited jurisdiction under 28 U.S.C. § 2241(c)(3) to issue a writ of habeas corpus prior to conviction and sentence. *See Moore*, 515 F.2d at 441 (no distinction between § 2254 and § 2241 "insofar as the exhaustion requirement is concerned"). However, "jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." *Id*. at 443; *see Calihan v. Superior Court*, 158 F. App'x 807 (9th Cir. 2005) (absent special circumstances, "[p]rinciples of comity and federalism" require abstention from deciding pre-conviction habeas challenges); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) ("The state court exhaustion requirement is mandated by statute under 28 U.S.C. § 2254(b) and has developed through decisional law . . . as to claims brought under 28 U.S.C. § 2241.") (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490–91 (1973)). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

To satisfy the exhaustion requirement, a federal habeas petitioner must present the facts and legal theory associated with each claim through "one complete round of the State's

4

established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *see Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). When presented with a petition seeking to litigate a defense to a criminal charge without satisfying the exhaustion requirement, courts must also consider whether the petitioner is seeking to derail or abort the state court proceedings. *Braden*, 410 U.S. at 489-91. A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. §2254(c); *Castille v. Peoples*, 489 U.S. 346, 350 (1989). The petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000)(citing *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)).

Additionally, in *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court "held that principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." *Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't.*, 973 F.2d 169, 173 (3d Cir. 1992). The test for federal court abstention under the *Younger* abstention doctrine is whether "'(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.'" *Id*. (quoting *Schall v. Joyce*, 885 F.2d 101, 106 n.2 (3d Cir. 1989)) Exceptions to *Younger* abstention may be made because of "a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff." *Id*.

It has also been noted that the habeas corpus remedy afforded to state inmates under § 2254 was not intended "to argue state law issues pre-trial in a federal forum." *Green v.*

*Pennsylvania*, No. Civ. A. 93-1662, 1993 WL 239311, at *3 (E.D.Pa. June 28, 1993). It is only when a habeas petitioner faces the threat of suffering irreparable harm that federal court intervention will be justified. *See Dombrowski v. Pfister*, 380 U.S. 479, 482 (1965); *Coruzzi v. State of N.J.*, 705 F.2d 688, 690 (3d Cir. 1983). Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992).

<u>Civil Action No. 13-054.</u>

This petition avers that McBride has filed "numerous petitions" in the Court of Common Pleas and in the Pennsylvania appellate courts with respect to his challenge to detention on a probation violation without a preliminary due process hearing and seeking release from pretrial confinement on the pending charges in accordance with Rule 600 of the Pennsylvania Rules of Criminal Procedure. The Commonwealth filed a Motion To Dismiss Petitioner's Petition For Writ Of Habeas Corpus (ECF No. 12), attaching sixteen exhibits generated in Petitioner's previous and current criminal proceedings. These records indicate that Petitioner's challenges are currently being litigated in state court, and that he is now counseled in both litigations. In fact, the record indicates Petitioner has had at least six attorneys representing him in the current proceedings. He, however, continues to file numerous *pro se* motions in both federal and state courts.

As the magistrate judge observed, Petitioner is a pretrial detainee in the course of ongoing state criminal proceedings. Petitioner's trial date on the new pending charges is scheduled for June 25, 2013. Petitioner thereafter will be brought before the Court of Common

6

Pleas to address Petitioner's revocation of probation imposed as part of his sentence on his previous conviction in a final hearing before the same judge of that court.

Petitioner has adequate opportunity to raise, or resolve, his federal claims in state court proceedings. Petitioner's speedy trial claim (to the extent he raises a speedy trial challenge based on the United States Constitution, and not just on Pennsylvania Rule of Criminal Procedure 600) does not present an extraordinary circumstance because Petitioner will have an opportunity to raise this claim in a motion prior to trial, during trial, or in a post-conviction appeal; indeed, he has been filing myriad *pro se* motions and appeals in state courts to raise and preserve this issue, and counsel may now assist prosecution of such claims on behalf of Petitioner.

Similarly, Petitioner's issues concerning whether he was unlawfully detained without a preliminary revocation hearing can be raised and addressed (or resolved) at the final revocation hearing before his probation is finally revoked, which is to be scheduled after resolution of Petitioner's trial, and before the same judge.

Petitioner did not even allege, let alone demonstrate, any bad faith by the prosecution, any suggestion that the proceedings are intended to harass or persecute him, or that there exists some other extraordinary circumstance that would irreparably harm his interests should deference (i.e., *Younger* abstention) be given to the state court to address his claims in due course.

<u>Civil Action No. 13-0496.</u>

This *pro se* petition, labeled a "Writ of Habeas Corpus Speedy Trial Right Violation" (ECF No. 1), seeks McBride's release pending the outcome of trial on his pending criminal charges. In it, Petitioner complains that among other things, he is being denied his right to a speedy trial under Pennsylvania Rule of Criminal Procedure 600, he has been denied a

7

preliminary revocation hearing, and that he has been denied "discovery." This petition merely repackages the same claims made in the petition at Civil Action No. 13-054, and for the reasons set forth above, it too should be dismissed, *sua sponte.*

Objections (ECF No. 23 at 13-cv-054)

Petitioner's objections, as well as his numerous other post Report and Recommendation filings, see (ECF Nos. 19-22, 25), appear to have refined and narrowed his challenge to the state court probation revocation proceedings to his contention that only the Pennsylvania Board of Probation and Parole has the statutory jurisdiction to adjudicate his probation revocation, and that a judge of the Court of Common Pleas of Allegheny County does not have jurisdiction to do so. Thus, Petitioner maintains he is being detained without due process by a tribunal of competent jurisdiction under Pennsylvania law.

Petitioner's own pleadings make it clear that he is receiving due process and having his substantive issues addressed in the Court of Common Pleas of Allegheny County and in the Pennsylvania appellate courts. Petitioner's objections in the federal habeas proceedings challenge the *statutory* jurisdiction of the Court of Common Pleas to handle the parole revocation in lieu of the Board of Probation and Parole, a matter that is peculiarly within the authority of the state courts to resolve. Petitioner does not even address, let alone discuss and analyze, the governing federal habeas and abstention precedent, namely *Moore* and *Younger*, and principles upon which the Report and Recommendation relied.

**ORDER**

AND NOW This 12th day of June, 2013, for the foregoing reasons, IT IS HEREBY ORDERED the Petitioner's objections are overruled, the Commonwealth's Motion to Dismiss

Petition for Writ of Habeas Corpus (ECF No. 12 at Civil Action No. 13-054) is GRANTED, the Petition for Writ of Habeas Corpus (ECF No. 4, 11 at Civil Action No. 13-054) is DISMISSED without prejudice, and the Petition for Writ of Habeas Corpus (ECF No. 1 at Civil Action No. 13-0496) is DISMISSED without prejudice.

IT IS FURTHER ORDERED that the Report and Recommendation (ECF No. 18 at 13-cv-054, and ECF No. 4 at 13-cv-0496) dated April 22, 2013, as supplemented by the foregoing memorandum opinion, is ADOPTED as the opinion of the court.

A Certificate of Appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). Here, the record fails to show a violation of Petitioner's constitutional rights. Accordingly, no Certificate of Appealability will issue.

The Clerk of Court shall mark these cases CLOSED.

**NOTICE**: Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc: all ECF registered counsel

DION LEE MCBRIDE

91690 3D
Allegheny County Jail
950 2nd Ave.
Pittsburgh, PA 15219-3100